IN THE  UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN BALL, | : | CIVIL NO. 1:12-CV-812 |
| | : | |
| Plaintiff, | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| | : | |
| SUPT. NANCY GIROUX, et al., | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

I.    **Statement of Facts and of the Case**

A.    **Introduction**

In many ways, Dawn Ball's current circumstances inspire both sorrow and concern.  The Plaintiff, Dawn Ball, is an inmate housed in the Restricted Housing Unit at the State Correctional Institution (SCI) Muncy, who by her own account suffers from a cascading array of severe mental illnesses, and candidly acknowledges that she is profoundly disturbed, informing the Court that:

> My mental health is declining. I suffer from OCD so bad I scrub my
> hands till they bleed, confusion, PTSD, disassociative disorder, I smell,
> see and hear things not there, severely stressed, phobias, agoraphobia,
> severe anxiety, lack of interest in things, lack of arousal in thing, racing
> thoughts, suicidal, cognitive problems and disorders, lack of interest in

1

life, disoriented, dizzyness, paranoid–schizophrenic, constant worry, frightened scared, can't properly care for myself, tics, bipolar, manic depressive, mood swings that are so severe, can't think clearly....

Ball v. Beard, No. 1:09-CV-845, (Doc. 42,  pp. 6-7.)

Furthermore, Ball is also an inmate who has reported to the Court that she engages in multiple episodes of destructive, self-defeating and senseless behavior. For example, recurring themes in Ball's lawsuits include Ball's penchant for smearing feces on herself and her cell, her destruction of her own clothing, and her use of her clothing to plug her toilet and flood her cell with water and human waste.  Ball is also, by her own admission, an inmate with a propensity of sudden, explosive rages, as illustrated by the civil complaint which she has filed Ball v. Barr, No.1:11-CV-2240 (M.D.Pa.).  In this complaint, Ball describes an episode in which a discussion regarding the aesthetic qualities of a piece of cornbread escalated in a matter of moments into a profanity-laced wrestling match over a food tray.

While she suffers from paranoia, schizophrenia, and experiences these visual and auditory hallucinations, Ball is also a prodigious federal court litigant, bringing numerous lawsuits based upon her perception of the events that take place around her

in prison.  Indeed, at present Ball has approximately twenty-five lawsuits lodged

before this Court.[1]

Ball is also a prodigiously unsuccessful litigant, who has had at least three prior

lawsuits dismissed either for failure to exhaust her administrative remedies, or as

frivolous on the grounds that the lawsuit failed to state a claim upon which relief

could be granted.  The history of repeated, frivolous and meritless litigation in federal

court by this Plaintiff began in March of 2008, when Ball filed a complaint in the case

of Ball v. SCI Muncy, No. 1:08-CV-391 (M.D. Pa.).  On December 10, 2008, the

District Court dismissed this civil action for failure to exhaust her administrative

remedies, Ball v. SCI Muncy, No. 1:08-CV-391 (M.D. Pa.) (Doc. 36.), and on July

---

[1]See, e.g., Ball v. SCI Muncy, No.1:08-CV-700 (M.D.Pa.); Ball v. SCI-Muncy, No. 1:08-CV-701 (M.D.Pa.); Ball v. Hill, No.1:09-CV-773 (M.D.Pa.); Ball v. Beard, No. 1:09-CV-845 (M.D.Pa.); Ball v. Lamas, No. 1:09-CV-846, (M.D. Pa.); Ball v. Oden , No 1:09-CV-847 (M.D.Pa.); Ball v. Bower, No. 1:10-CV-2561 (M.D.Pa.); Ball v. Sisley, No. 1:11-CV-877 (M.D.Pa.); Ball v. Struther, No. 1:11-CV-1265 (M.D.Pa.); Ball v. Hummel, No. 1:11-CV-1422 (M.D.Pa.); Ball v. Beckley, No. 1:11-CV-1829 (M.D.Pa.); Ball v. Sipe, No. 1:11-CV-1830 (M.D.Pa.); Ball v. Craver, No. 1:11-CV-1831 (M.D.Pa.); Ball v. Powley, No. 1:11-CV-1832 (M..D.Pa.); Ball v. Cooper, No. 1:11-CV-1833 (M.D.Pa.); Ball v. Famiglio, No. 1:11-CV-1834 (M.D.Pa.); Ball v. Eckroth, No. 1:11-CV-2238 (M.D.Pa.); Ball v. Campbell, No. 1:11-CV-2239 (M.D.Pa.); Ball v Barr, No. 1:11-CV-2240 (M.D.Pa.); Ball v Giroux, No. 1:12-CV-10 (M.D.Pa.); Ball v Giroux, No. 1:12-CV-11 (M.D.Pa.); Ball v Curham, No. 1:12-CV-12 (M.D.Pa.); Ball v. Giroux, No. 1:12-CV-812 (M.D.Pa.); Ball v. Giroux, No. 1:12-CV-813 (M.D.Pa.); Ball v. Hummel, No. 1:12-CV-814 (M.D.Pa.); Ball v. D'Addio, No. 1:12-CV-815 (M.D.Pa.) .

22, 2010, the United States Court of Appeals for the Third Circuit affirmed the dismissal of this action.  <u>Ball v. SCI Muncy</u>, No. 1:08-CV-391 (M.D. Pa.) (Doc. 44.)

On May 5, 2009, Ball filed a second civil action in the case of <u>Ball v. Hartman</u>, No. 1:09-CV-844 (M.D. Pa.).  This action was dismissed by the District Court, which found Ball's complaint to be frivolous, <u>Ball v. Hartman</u>, No. 1:09-CV-844 (M.D. Pa.) (Docs 32, 33, and 36.) and Ball's appeal of this dismissal order was summarily denied by the court of appeals pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]  <u>Ball v. Hartman</u>, No. 1:09-CV-844 (M.D. Pa.) (Doc. 48.)

While this action was pending, Ball filed yet another lawsuit in the case of <u>Ball v. Butts</u>, No. 1:11-CV-1068, (M.D.Pa.) on June 3, 2011.  <u>Ball v. Butts,</u> No. 1:11-CV-1068 (M.D.Pa.)(Doc. 1.)   On June 15, 2011, upon a screening review of this complaint, the District Court dismissed this action for failure to state a claim upon which relief could be granted <u>Ball v. Butts</u>, No. 1:11-CV-1068 (M.D.Pa.)(Doc. 8.) Ball appealed this dismissal.  <u>Ball v. Butts</u>, No. 1:11-CV-1068 (M.D.Pa.)(Doc. 10.) On September 21, 2011, the court of appeals entered an opinion and order dismissing

---

[2]28 U.S.C. § 1915(e)(2)(B)(I) provides that: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal, . . . is frivolous or malicious."  Thus the appellate court's October 29, 2010, ruling was tantamount to a declaration that this action was also frivolous.

Ball's appeal as frivolous  pursuant to 28 U.S.C. § 1915(e)(2)(B).  That appellate

court opinion and order spoke unambiguously regarding the frivolous nature of this

particular lawsuit filed by Ball, stating in clear and precise terms that:

> Because we too have granted Ball leave to proceed IFP, we must screen
> this appeal to determine whether it is frivolous. <u>See</u> 28 U.S.C. §
> 1915(e)(2)(B)(I). An appeal is frivolous if it "lacks an arguable basis
> either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).
> This appeal lacks any such basis.  As the District Court adequately
> explained, immunity extends even to judicial acts that are "done
> maliciously," and Ball has alleged nothing suggesting that Judge Butts
> acted in the "clear absence of all jurisdiction." <u>Gallas v. Supreme Court
> of Pa.</u>, 211 F.3d 760, 769 (3d Cir.2000) (citation and internal quotation
> marks omitted). To the extent that Ball's request for injunctive relief
> might not have been subject to dismissal under § 1915(e)(2)(B)(iii), it
> was subject to dismissal under § 1915(e)(2)(B)(ii) because such relief is
> not available against "a judicial officer for an act ... taken in such
> officer's judicial capacity" under these circumstances. 42 U.S.C. § 1983.
> Finally, we are satisfied that any amendment of Ball's complaint would
> be futile. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 111 (3d
> Cir.2002).  Thus, we will dismiss this appeal.

<u>Ball v. Butts</u>, No. 11-2862,  2011 WL 4375782, 1 (3d Cir. Sept 21, 2011).

## B.    <u>Ball's Current Lawsuit</u>

It is against this backdrop that Ball chose to pursue the instant case.  Ball's

initial complaint, which was filed on May 2, 2012, purported to be an inmate class

action lawsuit, challenging the lack of heat at SCI Muncy, and the condition of cells

and showers at this facility.  (Doc. 1.)  Yet, even as Ball alleged that she was bringing

this action on behalf of all inmates at this facility she stated facts in her complaint

which would completely bar any consideration of this case.  Specifically, Ball made representations in her complaint which demonstrated that her lawsuit ran afoul of the two-year statute of limitation which applies to civil rights cases, since she plainly stated that the prison conditions which she described in her complaint had existed "Since I have been house[sic] in RHU (2007)." (Id., p.2.) Thus, Ball's complaint, on its face, described claims that were wholly time-barred.  On the basis of these otherwise unadorned and time-barred allegations Ball sued correctional officials and demanded both $100,000 in compensatory damages and punitive damages of $100,000 from each Defendant.

Along with this complaint, Ball filed a motion for leave to proceed *in forma pauperis*.  (Doc. 2)  On May 4, 2012, as part of the Court's legally-mandated screening process, we recommended that this complaint be dismissed for failure to state a claim upon which relief can be granted.  In addition, we recommended that these allegations should be dismissed without prejudice to providing Ball one final opportunity to attempt to cure the defects in her pleadings noted in this report and recommendation by filing a single, coherent amended complaint.  (Doc. 10.)

On June 1, 2012, the District Court adopted this report and recommendation, (Doc. 14.), and instructed Ball in clear and precise terms as follows:

**NOW**, on this 1st day of June 2012, **IT IS HEREBY ORDERED THAT** upon review of Magistrate Judge Carlson's May 4, 2012 Report and Recommendation (Doc. No. 10)**,** and no timely objections being filed, **IT IS HEREBY ORDERED THAT**:

1. The Court adopts the Report and Recommendation of Magistrate Judge Carlson.

2. Plaintiff's motion for leave to proceed *in forma pauperis* is GRANTED and Plaintiff's complaint is DISMISSED without prejudice.

3. Plaintiff shall have twenty (20) days to amend her complaint. If Plaintiff fails to file an amended complaint in the time specified, the Clerk of Court will be directed to close the case.

(Id.)

Ball has not complied with this twenty-day deadline in which to file an amended complaint.  Instead, on May 15, 2012, Ball sought to stay all of her multi-faceted federal court litigation, in an apparent effort to delay or avoid rulings in these cases on many ripe defense motions.  (Doc. 11.)  On May 15, 2012, we denied this request made by Ball, noting that there was something profoundly inconsistent in these pleadings, since Ball's motions began with factual averments which detailed a series of allegedly improper actions by prison officials, allegations which if true required immediate attention by the courts. (Doc. 12.) Yet, while Ball recited facts which cried out for action by the courts, she sought relief which would not be in her interests, or in the interests of justice, a complete cessation of this litigation.  (Id.)  Because we

believed that we owed it to Ball, and to all of the many Defendants she has sued, to promptly address the merits of her claims, on May 15, 2012, we denied Ball's first motions to generally stay all of Ball's litigation to some future date of her choosing. Instead, we instructed Ball in clear and precise terms as follows:

> In the meanwhile Ball is directed to continue to comply with the filing deadlines previously set by this court and  IT IS ORDERED that any future requests for continuance or stay must be made individually by Ball in each of her cases along with factual averments specific to each particular case explaining why a stay or continuance is necessary.

(Id.)

Presented with this clear instruction from the Court, Ball then chose to ignore this guidance and filed another global stay request in all of her cases.  (Doc. 16.) Indeed, in this second stay motion Ball endeavored not only to ignore the Court's prior order, but to try to ignore the Court altogether by instructing the Clerk's Office to present these latest stay motions to another judge.  (Id.)  Furthermore, Ball's motion sought more than a stay of future litigation, she also demanded that all orders in all of her cases entered since April, 2012, be "revoked."  (Id.)  We denied this second stay motion as well, (Doc. 17.), and Ball allowed her filing deadline for submission of an amended complaint to lapse without any action on her part to cure these serious defects in her pleadings.  Thus, we are currently presented with a deeply flawed

complaint submitted by a plaintiff who refuses to correct this pleading and has ignored Court-ordered deadlines.

On these facts, it is recommended that the complaint now be dismissed with prejudice.

## II.   **Discussion**

This Court has an ongoing statutory obligation to conduct a preliminary review of *pro se* complaints which seek redress against government officials.  Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a  prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be  granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted."  This statutory text mirrors the

language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008) and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally

a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged."  Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).  As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do."  Id. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id.  In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss.  In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678.  Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be

supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.  As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'  Iqbal, 129 S.Ct. at 1947.  Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the

assumption of truth.' Id. at 1950.   Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id ." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions.   Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

In this case, having previously conducted this legal analysis, we determined that there were two fatal flaws in Ball's complaint.   First, Ball, a state prisoner, simply may not bring a class action on behalf of fellow inmates.   Class action lawsuits are governed by Rule 23 of the Federal Rules of Civil Procedure.   Pursuant to Rule 23 of

the Federal Rules of Civil Procedure there are four prerequisites which must be met before Ball's proposed class action may be certified.  To obtain class certification Ball must show that:

> 1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and 4) the representative parties will fairly and adequately protect the interests of the class.

See Fed.R.Civ.P. 23(a).  These requirements are set forth in Rule 23 in the conjunctive.  Therefore, a district court can only certify a class if all four requirements of Rule 23(a) are met.  See In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 309 n.6 (3d Cir. 2008); In re Prudential Ins. Co. of America Sales Practice Litigation, 148 F.3d 283, 308-09 (3d Cir. 1998).  Since all four of these elements must be met before a class action may be certified, the failure to satisfy any single element is fatal to Ball's claim that this case should be a class action.

In this case, turning first to Rule 23's requirement that "the representative parties will fairly and adequately protect the interests of the class," we found that Ball could not serve as a fair and adequate class representative at this time.  Ball's expressed desire as a state inmate to be the personal architect of this proposed inmate class action runs afoul of a settled tenet of case law in this field.  It is well-settled that: "a prisoner proceeding *pro se* may not seek relief on behalf of his fellow inmates.  See Oxendine

v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."); see also Wallace v. Smith, 145 Fed. Appx. 300, 302 (11th Cir.2005)." Alexander v. New Jersey State Parole Bd,. 160 F. App'x 249, 250 (3d Cir. 2005). Thus, "*pro se* litigants are generally not appropriate as class representatives. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975)." Hagan v. Rogers, 570 F.3d 146, 159 (3d Cir. 2009).  Since Ball, a *pro se* inmate litigant plainly intended to serve as this class representative, and she did not meet this threshold consideration that the representative party will fairly and adequately protect the interests of the class, it was necessary to dismiss *pro se* class action.

In addition, there was a second, even more fundamental, flaw in this pleading. Ball's complaint, on its face, was time-barred.  Ball's complaint challenged prison conditions at SCI Muncy but the complaint plainly stated that the prison conditions which she describes have existed "Since I have been house[sic] in RHU (2007)." (Id., p.2.)  Thus, according to Ball, she brought this action on the basis of conditions that have been known to her for the past five years.

This she cannot do.  When conducting a screening review of a *pro se* complaint under 28 U.S.C. § 1915, a court may consider whether the complaint is barred under the applicable statute of limitations.  As the United States Court of Appeals for the

15

Third Circuit explained when it affirmed the screening dismissal of a *pro se* complaint

on statute of limitations grounds:

> Civil rights claims are subject to the statute of limitations for personal
> injury actions of the pertinent state. Thus, Pennsylvania's two year
> statutory period applies to [these] claims. See Lake v. Arnold, 232 F.3d
> 360, 368 (3d Cir.2000). The limitations period begins when the plaintiff
> knows or had reason to know of the injury forming the basis for the
> federal civil rights action. Gera v. Commonwealth of Pennsylvania, 256
> Fed.Appx. 563, 564-65 (3d Cir.2007). Although we have not addressed
> the issue in a precedential decision, other courts have held that although
> the statute of limitations is an affirmative defense, district court may *sua
> sponte* dismiss a complaint under § 1915(e) where the defense is obvious
> from the complaint and no development of the factual record is required.
> See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir.2006); see also
> Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir.2006)
> (citation omitted)(finding that a district court's screening authority under
> § 1915(e) "differentiates in forma pauperis suits from ordinary civil suits
> and justifies an exception to the general rule that a statute of limitations
> defense should not be raised and considered sua sponte.").

Smith v. Delaware County Court,260 F. App'x. 454, 455 (3d Cir. 2008); see also

Jackson v. Fernandez, No. 08-5694, 2009 WL 233559 (D.N.J. Jan. 26, 2009); Hurst

v. City of Dover, No. 04-83, 2008 WL 2421468 (D. Del. June 16, 2008).

Applying these standards, we found that the allegations in this *pro se* complaint

were subject to dismissal on statute of limitations grounds.  Specifically, this

complaint, which related to events that are alleged to have occurred "Since [Ball has]

house[sic] in RHU (2007)" (id., p.2), was first filed on May 3, 2012.  Therefore, with

respect to those events, five years had elapsed and the complaint is now time-barred by the two-year statute of limitations generally applicable to civil rights matters.

It is well-settled that claims brought pursuant to 42 U.S.C. § 1983 are subject to the state statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985).  In Pennsylvania, the statute of limitations for a personal injury action, or other tort actions, is two years.  42 Pa.C.S.. § 5524.  A cause of action accrues for statute of limitations purposes when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action.  Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998); see also Nelson v. County of Allegheny, 60 F.3d 1010 (3d Cir. 1995).

While this two-year limitations period may be extended based upon a continuing wrong theory, a plaintiff must make an exacting showing to avail himself of this grounds for tolling the statute of limitations.  For example, it is well-settled that the "continuing conduct of [a] defendant will not stop the ticking of the limitations clock [once] plaintiff obtained requisite information [to state a cause of action].   On discovering an injury and its cause, a claimant must choose to sue or forego that remedy." Barnes v. American Tobacco Co., 161 F.3d 127, 154 (3d Cir. 1998) (quoting Kichline v. Consolidated Rail Corp., 800 F.2d 356, 360 (3d Cir. 1986)).  See also Lake v. Arnold,  232 F.3d 360, 266-68 (3d Cir. 2000).  Instead:

17

The continuing violations doctrine is an "equitable exception to the timely filing requirement." West v. Philadelphia Elec. Co., 45 F.3d 744, 754 (3d Cir.1995). Thus, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am., 927 F.2d 1283, 1295 (3d Cir.1991). In order to benefit from the doctrine, a plaintiff must establish that the defendant's conduct is "more than the occurrence of isolated or sporadic acts." West, 45 F.3d at 755 (quotation omitted). Regarding this inquiry, we have recognized that courts should consider at least three factors: (1) subject matter-whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation; (2) frequency-whether the acts are recurring or more in the nature of isolated incidents; and (3) degree of permanence-whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate. See id. at 755 n. 9 (citing Berry v. Board of Supervisors of Louisiana State Univ., 715 F.2d 971, 981 (5th Cir.1983)). The consideration of "degree of permanence" is the most important of the factors. See Berry, 715 F.2d at 981.

Cowell v. Palmer Township. 263 F.3d 286, 292 (3d Cir. 2001).

In this case, the Plaintiff complained about prison conditions which she alleged existed since 2007. To the extent that these conditions entailed a violation of the Plaintiff's constitutional rights, Ball's own description of the conditions plainly revealed that they were apparent to her since 2007, and long ago had a degree of permanence which should have triggered the Plaintiff's awareness of her duty to assert

her rights.  Thus, in this case a straightforward application of the two-year statute of limitations compelled dismissal of these claims as untimely.

While our screening analysis called for dismissal of this action the Court provided Ball another, final opportunity to further litigate this matter by endeavoring to promptly file a proper amended complaint.  Having concluded that this *pro se* complaint was flawed in multiple and profound ways, we followed this course recognizing that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote  Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d  229, 235 (3d Cir. 2004).

Thus, in this case, Ball was given this opportunity to further amend her complaint, but has now forfeited this opportunity through her inaction.  In this situation, where a wholly deficient complaint is dismissed without prejudice but the *pro se* Plaintiff refuses to timely amend the complaint, it is well within the Court's discretion to dismiss the complaint with prejudice given the Plaintiff's refusal to comply with court directives.  Indeed, the precise course was endorsed by the United States Court of Appeals for the Third Circuit in Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007).  In Pruden, the appellate court addressed how district

19

judges should exercise discretion when a *pro se* plaintiff ignores instructions to amend

a complaint.  In terms that are equally applicable here the court observed that:

> The District Court dismissed the complaint without prejudice and
> allowed [the *pro se* plaintiff] twenty days in which to file an amended
> complaint. [The *pro se* plaintiff] failed to do so. Because [the *pro se*
> plaintiff] decided not to amend his complaint in accordance with the
> Federal Rules of Civil Procedure, we conclude that the District Court did
> not abuse its discretion when it dismissed [the *pro se* plaintiff's]
> complaint with prejudice. See In re Westinghouse Securities Litigation,
> 90 F.3d 696, 704 (3d Cir.1996). The District Court expressly warned [the
> *pro se* plaintiff] that the failure to amend his complaint would result in
> dismissal of the action with prejudice. "[I]t is difficult to conceive of
> what other course the court could have followed." Id. (quoting Spain v.
> Gallegos, 26 F.3d 439, 455 (3d Cir.1994)).

Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007).

Therefore, it is recommended that the complaint be dismissed as frivolous for failure

to state a claim without further leave to amend.

**III.   Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the

Plaintiff's complaint be dismissed as frivolous for failure to state a claim with

prejudice and this case be closed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in 28
> U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition
> of a prisoner case or a habeas corpus petition within fourteen (14) days
> after being served with a copy thereof. Such party shall file with the clerk

of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 10th day of July 2012.

*S/Martin C.  Carlson*
Martin C. Carlson
United States Magistrate Judge

21